

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 13, 1939

Honorable T. M. Trimble
First Assistant State Superintendent
Department of Education
Austin, Texas

Dear Mr. Trimble:

Opinion No. O-226
Re: Liability sending district
for tuition

Under date of January 26, 1939, the following inquiry was received from you:

"The Mason Creek School District did not operate a school last year, nor are they operating one this year. About half of their students attend the Center Point School in Kerr County, and the remaining half the Bandera School in Bandera County.

"The school district has been paying a 35¢ tax for several years, but recently abrogated this tax. However, they will collect taxes for the past year.

"The school district has sufficient funds in the county depository to pay their tuition for last year and will have enough for this year, but one of the trustees maintains that they do not have to pay their tuition with this tax money and can use this money for payment of transportation. Also, one of their students who is over age and not receiving state and county money is attending the Bandera High School, and another student, who moved into the district from out of the county, is attending the Bandera School. I have asked the trustees to sign vouchers for the amount of these students' state and county money, but they have refused! The trustees have also refused to pay tuition to Center Point, which is a State aid school.

"Is the Mason Creek School District obligated to pay high school tuition on its pupils who are transferred so long as the district has money available from tax collections of past years."

O COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In reply thereto, this is to advise that we will break up your letter into sentences and answer them as the answers are required.

1. "The school district has sufficient funds in the County Depository to pay their tuition for last year, and will have enough for this year but one of the trustees maintains that they do not have to pay their tuition with this tax money and can use this money for payment of transportation."

In this regard you do not advise whether or not these children have been transferred but if they have been transferred, Article 2696, Revised Statutes, will answer your question, and in case they have been so transferred, we quote you part of the Article above cited:

"The State Department of Education shall authorize the State Treasurer to pay over directly the per capita apportionment . . ."

And on this statute, the Court said:

"As long as the State apportionment will operate the schools of an independent school district, a pupil transferred from another district may not be required to pay tuition but when such schools must continue their terms with money raised by local tax levies on property within the district, the transferred pupil may be required to pay a reasonable tuition for the privilege of attending such school. Slocomb vs. Cameron School District, 225 S. W. 1064.

Thus if the available money is not sufficient to pay the tuition, then the sending district is liable, Article 2670a, which reads, in part, as follows:

"In the event any school is so classified that a resident high school student within the free school age cannot receive instruction in his home district, his tuition for the number of months attended in any other high school recognized by either county or State shall be paid by warrants drawn by the local board of trustees on funds of said district and approved by the county superintendent. . ."

If the sending district refuses to meet this obligation, Sec. 4, Article 2922L provides:

"If any district fails to pay this portion of the State per capita according to the provisions of this Act, then the State Superintendent when notified by the Superintendent of the receiving district accompanied by an affidavit of such failure, shall withhold from such district when the next per capita payment is ready for distribution such an amount as such district may owe any other district until such obligation has been paid . . . ."

Section 1, Article 2922 L, Revised Statutes, provides:

"The Board of Trustees of any common or independent district, whether organized by general or special law . . . shall admit into the public schools of such district free of tuition all persons who are over six and not over 21 years old at the beginning of the scholastic year, if such person or his parents or legal guardian reside within said . . . school district."

Therefore, your question, as above stated, is answered in the affirmative, that the local tax money must be used both for tuition and transportation.

2. The next proposition in your letter is:

"One of the students over the age is not receiving state and county money is attending the Bandera High School."

This district is not liable for either transportation or tuition of this student.

3. Your next proposition is:

"Another student who moved into the district from out of the county is attending the Bandera School."

In answer to this, we respectfully call to your attention the above quoted part of Section 1, Article 2922L, which provides:

"The Board of Trustees of any common or independent school district whether organized by general or special law . . . shall admit into the public schools of the

district free of tuition all person who are over six and not over 21 years old at the beginning of the scholastic year if such person or his parents or legal guardian reside within . . . said school district."

Your answer to this interrogatory is in the affirmative, i. e. that the district is liable if the child comes within the above listed category as to age and resides within the district.

4. Your next proposition is:

"I have asked the trustees to sign vouchers for the amount of these students state and county money but they have refused."

In answer to this, you are advised that the proper tribunal vested with jurisdiction of matters of this kind, when applied to, can and will compel the meeting of the obligation in question by proper judgment.

5. Your next proposition is:

"The trustees have also refused to pay tuition to Center Point which is a state aid school."

In answer to this inquiry, you are advised that if the state aid school is receiving teacher's aid, then the sending district is liable for that percent of the whole tuition, that is not paid by the state aid money to the receiving district, but if no salary aid is given to the receiving district, then and in that event the sending district is liable for the whole of the tuition.

Each and all of the above propositions have been answered on the basis that there has been levied a maintenance tax in the home and/or sending district of the scholastics in question.

Believing that this has answered each of the inquiries made by you, and that we have made the situation clear, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (signed) Geo. S. Berry
Geo. S. Berry
Assistant

GSB:N
GSB/JP
APPROVED

ATTORNEY GENERAL OF TEXAS